STANLIUS GLINSKI AND WILLIAM H. GILLILAND VS. JOHN ZAWADSKI AND WIFE.

1. Where the object of the bill is to compel the "specific performance" of a contract, if the prayer be denied, (as a general rule,) the bill will be dismissed; but there are exceptional cases, as where equity is found to have arisen between the parties to the contract growing out of its peculiar character or nature. In such case, the bill may be retained for the purpose of having that equity adjusted.

2. Where one contracts to purchase real estate and proceeds to erect improvements thereon, if compensation therefor be decreed him, the *amount* is to be based upon the actual *value* of the improvements, or, at farthest, upon a *reasonable allowance*, and not upon the amount expended.

3. A *bona fide* purchaser for value will not be affected by any prior existing equities of which he had no notice at the time of his *purchase*, but a "purchaser" in this connexion is one who gives a *present* value for the purchase (either by the payment of money or the surrender of a security.) If the consideration be founded upon a pre-existing debt, the rule does not apply.

This case was decided at Jacksonville.

Appeal from Putnam Circuit Court.

This was a suit in equity, brought by Zawadski and wife against Gilliland and Glinski, to compel the latter to make title to a lot in the town of Palatka, which the complainants allege they purchased from said Glinski, and upon which they erected a building and expended large sums of money. There was no bond for title on record,

though the bill states that one was executed. Glinski mortgaged the lot to Gilliland. The mortgage was foreclosed and the premises sold under execution in favor of James Burt, Agent of the Bank of Charleston. The complainants pray that this mortgage be set aside, and that defendant be decreed to execute a good and sufficient conveyance to them, on the ground of their alleged prior equity. The questions which arose in the case, and which were considered by the Court, are stated in the opinion. The main facts upon which the questions in the case arose are also sufficiently stated or referred to. The Chancellor, the Hon. Wm. A. Forward, made the following decree:

*Imprimis.* That the prayer of said bill of complainants that the said Stanlius Glinski be required especially to perform the alleged agreement and execute title of said lot No. 9, in block No. 91, be denied and not granted.

Secondly. It appearing to the Court from the circumstances of this case as disclosed that the said John H. Zawadski and Mary E. Zawadski entered upon the said tract of land under an agreement with said Glinski, either as "tenants" or purchasers thereof for value, and while thus in possession, by and with the knowledge and consent and agreement with said Glinski, expended money in lasting improvements upon said lot in erecting the said Pulaski House and premises in said bill of complaint mentioned, and also became security on the acceptance of the joint draft in said bill of complaint mentioned, and supplemental bill mentioned, which sums thus expended and paid the said Glinski held in trust said premises for the said Mary E. Zawadski, and which said lot, with Pulaski House thereon erected, he, the said Glinski, while the said Zawadski and wife were then in possession, mortgaged to the said Gilliland for himself and others to secure the payment of *antecedent debts* which said Glinski owed to said Gilli-

Glinski and Gilliland vs. Zawadski and wife.—Statement of Case.

land and others, defendants, and the Court being satisfied the prior trust must prevail and the same be established as a prior lien on the said lot and premises after deducting any set-off established by said Glinski and any rent for time the said Pulaski House and premises were occupied by said John H. and Mary E. Zawadski up to the time of the sale of the same under execution of foreclosure of said mortgage. To ascertain the same, it is *ordered* that this cause be referred to John L. Kirkland, a Master in Chancery of this Court, to take an account of the money paid and money expended in lasting improvements upon said lot of land and Pulaski House and premises by the said John H. Żawadski and wife, or either of them, from the date of their or either of their taking possession of said lot, and also to take an account of any indebtedness of said John Zawadski and wife, or either of them, with said Glinski, which indebtedness is or should be a legal and just set-off in this cause, and also to take an account of the rent of said Pulaski House and premises from the time the said house was occupied by them up to the day of the sale under the execution in favor of said Gilliland, and also of the amount paid by Mary E. Zawadski, or said John H. Zawadski, upon the execution in favor of James Burt, Agent of the Bank of Charleston, in said supplemental bill mentioned, and to ascertain the balance (if any) due the said Mary E. Zawadski on this behalf, and also to take an account of the rent of said premises since the sale under the execution of said Gilliland and others, and that the said Master in Chancery do report the same to this Court with all convenient despatch.

*Gillis* and *Sanderson* for appellants.

*Braham* and *Burritt* for appellees.

DuPONT, J., delivered the opinion of the Court.

The petition of appeal, filed in this cause, presents but two questions which are material to be considered by this Court, viz: 1st, the propriety of retaining the bill after the prayer for a specific performance had been refused, and, 2d, the correctness of the data upon which the compensation or damages were ordered to be assessed.

It was insisted for the appellants, that whenever a bill is filed asking for the specific performance of a contract or agreement, if the Court should find that the prayer could not be granted upon the pleadings and proofs in the cause, the jurisdiction of equity terminated and the bill should be dismissed. It was further insisted, that compensation could not be decreed when specific performance is denied. As a *general rule*, the doctrine contended for is undoubtedly correct and was maintained with marked ability by Justice Thompson in the opinion delivered in the case of Lewis and wife vs. Yale, (4 Flo. Reports, 437;) but it is only as a general rule that it can be said to be the established doctrine of the equity Courts. There are exceptional cases, and whenever a clear equity is found to have arisen between the parties to the contract, growing out of its peculiar character or nature, there can be no doubt that the Chancellor is authorized to retain the bill for the purpose of having that equity properly adjusted.—2 Story's Eq. Ju., § 714, § 796; 1 Cowan's Reports, 711; 1 McCord's Ch. R., 112; 2 Vesey, Sr., 243.

The case of Parkhurst vs. Van Cortland (1 Johnson's Ch. Reps., 286,) is full to the point, and recognizes the existence of these exceptional cases. We are satisfied that the circumstances of this case, as disclosed by the record, constitutes it one of the exceptional class and brings it within the principles of the authorities above cited. It is mani-

fest that a specific performance could not have been decreed even if the defendant Glinski had not parted with the title to the lot, and it is equally manifest that equities had grown up between the parties in the nature of a partnership, arising out of the mutual contribution to the erection of the buildings upon the lot, which required the adjustment of a Court of Equity. That there was some agreement between Glinski and Zawadski for the sale and purchase of the lot is quite apparent, but its precise terms are left in much doubt and uncertainty, even where resort is had to the bill and answer to ascertain them. It was altogether a loose transaction, entered into in a spirit of confiding friendship, and unfortunately resulted, as such transactions not unfrequently do, in a disruption of the friendly relations of the parties. We think, then, that the Chancellor acted correctly in retaining the bill and in ordering an account to be taken as a basis for the decree to be rendered.

This brings us to the consideration of the second point noted, viz: The data that should form the basis of the account upon which the damages are to be predicated. It was insisted for the appellants that the "value" of the premises at the date of its sale under the foreclosure of the mortgage to Gilliland, and not the amounts contributed by the complainants Zawadski and wife for improvements, should form the basis of the account, and we think there is much reason for this position. It will not be pretended that the complainant Zawadski was blameless as to the controversy growing out of the agreement for the sale and purchase of the property. He was certainly an equal actor and participant in this most unwise and improvident contract, and, after he had entered into it, he was the first to make a failure by declaring his inability to erect the building and to make the improvements originally contem-

plated, and it was at his solicitation that the defendant Glinski was induced to invest his money in the enterprize. It would be a dangerous rule to adopt, in cases of this kind, to make the amount of expenditures the criterion of compensation to be allowed. A careless or extravagant man might make a very improvident application of the money expended in permanent and lasting improvements, and it would be unjust to visit his improvidence upon the other party. The better rule would seem to be to allow compensation only for the actual value of the improvements, or, at farthest, a reasonable allowance therefor, and in this view we are supported by the adjudicated cases.— *Vide* Parkhurt vs. Van Cortland, 1 John. Ch. Reps., 286.

The order of reference to the Master must be reformed and made to conform to this rule.

The rights of Gilliland, the mortgagee, are not presented by any one of the exceptions contained in the petition of appeal. It is the established rule of this Court that all exceptions to the decree of the Chancellor must be set forth in the petition which brings the case up; nor will the Court, except as matter of grace, consider or permit an argument to be made upon any other points than those thus presented. Such favor, touching the interests of the mortgagee, was accorded in the argument of this cause, and his rights were prominently presented for our consideration. It was insisted in his behalf that he stood before the Court as a purchaser without notice and for a valuable consideration, and that his title, obtained as the purchaser under the sale upon the foreclosure of the mortgage, was not affected by any prior equities existing between the complainants and the mortgagor. It is undoubtedly correct, as a general proposition, that a *bona fide* purchaser for value will not be affected by any prior existing equities of which he had no notice at the time of

his purchase. The authorities in support of this doctrine are quite full. It is laid down in Coote on Mortgages, (227,) "That the lien of a covenantee for the settlement of an estate will be postponed to that of a subsequent legal mortgagee of the estate." And, in Sugden on Vendors, it is said: "If one agree to purchase an estate and take a contract or covenant that the owner will sell that estate, and the latter should sell or mortgage it to another person, who has no notice, the first purchaser has not any right to call on the second purchaser for the legal estate, but the latter may protect himself by the legal estate against the former."— *Vide* 1 Sug. on Vend., 191, citing 8 Price, 488–9; 2 Har. & John., 55, Dennison vs. Robinett; 1 John. Ch. Reps., 298, Frost vs. Beekman; 1 Car. Law Reports, 508, Benizen vs. Lerroir.

Indeed there would seem to be no controversy on the point, and that the doctrine is well established. It then becomes our duty to enquire if Gilliland, the mortgagee, occupies the position of a *bona fide* purchaser for value. As to his character as "purchaser," it has been ruled by this Court that a mortgagee is to be considered in the light of a purchaser.—Gibson vs. Love, 4 Flo. Reps., 232. With respect to *notice*, it is also fully established that he had no notice, either actual or constructive, of the lien of the complainants at the time that he took the mortgage from Glinski, the then holder of the legal title to the lot in controversy. But was he such a *purchaser for value* as is contemplated in the authorities above cited, and such an one as would be protected against the prior equities of the complainants? As between parties situated as these are, it will be found that when the cases speak of a purchaser *for value* they mean to designate one who gives a *present consideration* for the transfer, and not one who bases his title upon a *pre-existing debt*. The distinction here noted will

be found to be abundantly sustained by the decided cases, and we think that it is based upon sound equitable principles. The mortgagee obtained only an *equitable* interest in the property mortgaged, and unless an actual consideration (as the payment of money at the time, or the giving up of a security,) be the moving cause for the execution of the deed, there seems to be no sound reason why his mere equity should override and postpone the *prior equities* of other parties. The maxim of " *Que prior in tempore potior est in jure* " is eminently applicable to parties standing in this relation.—Thompson vs. Hale, 6 Pick. R., 259; Bay vs. Coddington, 5 John. Ch. R., 56; Stalker vs. McDonald, 6 Hill's R., 93; Clark vs. Ely, 2 Saund. Ch. R., 166; Bradley vs. Calvin, 4 Barb. S. C. R., 304; Done vs. Shutt, 2 Denio R., 621; 16 Georgia R., 471; 3 Edward's Ch. R., 182; Manningford vs. Toleman, 1 Collyer's Reps., 670; Becket vs. Correlly, 1 Bro. C. C., 353; Tourville vs. Naish, 3 Peer Wms., 308.

Applying these principles to the facts of this case and it will be seen, that Gilliland, in taking the mortgage from Glinski, took it *coupled* with a *trust* for those having *prior equities*, amongst whom were the complainants. In the joint answer of Gilliland and Glinski, the latter, in response to the eighth interrogatory in the bill, says: "They (Gilliland and others) *had advanced* cash for me to take up my notes, which fell due in the Bank of Charleston, which notes had originally been given for materials and other things about said premises." By reference to the deed of mortgage, a copy of which is contained in the record as an exhibit in the cause, it will be made fully to appear that it was given to secure *antecedent debts*. It is not pretended that any *new or present consideration* was given for it, or that any *prior security* was given up. Gilliland, the mortgagee, by having his lien postponed to the

prior equities of the complainants, will stand in no worse position as to security for his debt than he was in at the time of accepting the mortgage from Glinski.

Let the decree of the Chancellor, in so far as it conflicts with the views expressed in this opinion, be reversed and set aside, and let the cause be remanded for such further proceedings in the premises as may be conformable to these views. The costs of this appeal to be paid by the appellees.