JAMES W. TAYLOR AS THE SOLE HEIR, AND JAMES W. AND
MARCIA I. TAYLOR AS EXECUTOR AND EXECUTRIX OF THE
ESTATE OF L. TAYLOR, DECEASED, *Appellants,* v. CUMMER
LUMBER COMPANY, A CORPORATION, AND R. SILSBE JR.
AND BERTIE L. SILSBE, HIS WIFE, *Appellees.*

1. Where a dormant partner permits the business world to be-
   lieve that the active partner is the sole owner of the business
   and of real estate belonging to the partnership, he is estopped
   from contesting the validity of a mortgage on the real estate
   made by the active partner to secure the payment for lumber
   furnished to the active partner, the mortgagee having no
   notice of the existence of the partnership when the mortgage
   was taken, and especially when, if the mortgagee had had
   timely notice of the existence of the partnership relation he
   might have otherwise secured the payment of his debt.

2. Testimony which has already been taken before an examiner,
   and which the court has used without objection in settling
   the equities of the case, may be used by a master subse-
   quently appointed under the direction of the court in stating
   and settling an account between the parties.

This case was decided by Division B.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the
court.

*C. B. Peeler,* for Appellants;

*Young & Adams* and *Geo. U. Walker & Son,* for Ap-
pellees.

HOCKER, J.—James W. Taylor as sole surviving heir
at law of Lorenzo Taylor, and James W. Taylor and
Marcia I. Taylor as executor and executrix of the estate

of Lorenzo Taylor, deceased, brought a suit by bill in equity in the Circuit Court of Duval County against Richard Silsbe, Jr., and his wife Bertie L. Silsbe, and the Cummer Lumber Company, a corporation, in October, 1908, in which in substance the following allegations, among others, are made: That Lorenzo Taylor died on the 11th of February, 1908, leaving a will in which the complainants are named as executor and executrix, and have qualified as such; that James W. Taylor is the sole heir at law of Lorenzo Taylor; that during the month of June, 1907, Silsbe, Jr., acted for Lorenzo Taylor in purchasing and taking title to Lot 12, Block 12, Campbell's Addition to Jacksonville; that Lorenzo Taylor furnished to Silsbe, Jr., the money with which to pay for said lot and did purchase the same through said defendant, Silsbe, Jr., in whom the title was placed in trust for the use and benefit of said Taylor, as and for the purposes set forth in an agreement attached to and made a part of the bill as Exhibit "A," which is as follows:
"(23103)

Richard Silsbe, Jr.,

     to            AGREEMENT.

Lorenzo Taylor.

MEMORANDUM OF AGREEMENT, made this 14th day of June, A. D., 1907, by and between Richard Silsbe, Jr., of the one part, and Lorenzo Taylor, of the other part.

Witnesseth: Whereas, said Silsbe holds legal title to that certain parcel of land situate, lying and being in the City of Jacksonville, County of Duval, and State of Florida, known and described as Lot 12, in Block 12, of Campbell's Addition to Jacksonville.

And, Whereas, said Taylor had promised and agreed to advance to said Silsbe, for the purpose of building certain

houses on said premises, certain moneys as hereinafter specified.

Now, Then, in consideration of the premises, it is mutually agreed between said parties as follows:

First: That said Taylor has heretofore advanced to said Silsbe for the purchase of said lot, the sum of Six Hundred ($600.00) Dollars.

Second: That said Taylor shall advance to said Silsbe for the purpose of building the several houses hereinafter specified, in convenient installments as same shall be needed, such sums of money as may be found necessary, now estimated at Two Thousand Two hundred ($2,200.00) Dollars.

Third: That said Silsbe shall use said moneys so advanced in the erection upon said land of five (5) one-story houses, to-wit: two houses of four rooms each, and three houses of three rooms each.

Fourth: That said Silsbe shall stand seized of the title to said land and premises, as Trustee, upon the following trusts, that is to say:

To erect and complete, ready for use, the five houses hereinbefore mentioned.

To sell and convey the said land, together with the said houses to be erected thereon either together or separately as may be found most advantageous for such prices and upon such terms as shall be agreed upon by the parties hereto, the said Taylor and the said Silsbe.

And it is particularly understood between these contracting parties, and is made a part of this agreement, that all losses, if any there be, and all profits, if any there be, in respect to the premises shall be shared equally between the parties of this agreement.

IN WITNESS WHEREOF, the parties of this agreement have hereto subscribed their names on this 19th day of June, A. D., 1907.

Attest:           Richard Silsbe, Jr., (Seal)

    C. B. Peeler,          Lorenzo Taylor,    (Seal)

    Jas. M. Peeler."

That after the execution of said agreement before the 15th of June, 1907, Lorenzo Taylor advanced $2200.00 to Silsbe, Jr., to build the houses on said lot.

Then follows several paragraphs charging bad faith on the part of Silsbe, Jr., in the use of the money advanced by Taylor for building the houses which it was agreed should be built, and in collecting rents, and alleges that Silsbe, Jr., is insolvent; that he has permitted the lot to be sold for taxes.

The bill then alleges that the Cummer Lumber Company have or claim some rights or interests in said Lot 12, Block 12, Campbell's Addition to Jacksonville, but that all such rights and interests are inferior and subordinate to the rights and interests of complainants, who have the first right and claim to all the property and land herein described, and the rights and claims of every nature and kind of defendants hereto are subordinate to those of complainants.

The bill then prays, among other things, for an accounting of the uses made by him of the money advanced by Lorenzo Taylor, of the profits and gains made by him with said money, that the equities and interests of all the parties may be settled and that the equities and interests of the Cummer Lumber Company may be determined and decreed to be inferior to those of complainants. The bill is very lengthy, but we think the foregoing is substantially all that it is necessary to consider.

Richard Silsbe, Jr., and his wife demurred to the bill

40—Vol. 59.

for want of equity, but we do not find that there was
any ruling on the demurrer. They also answered the
bill, admitting the agreement alleged in the bill as having
been made with Lorenzo Taylor, but denied all the alle-
gations as to mismanagement and misuse of the money
advanced by Lorenzo Taylor, and admit that complain-
ants are entitled to the return of the money under the
contract, *viz.*: $2800.00, and if there be any profits real-
ized on the-sale of the property, to one-half of such
profits.

The Cummer Lumber Company answered the bill, deny-
ing any knowledge of the facts set up in the bill as to the
transactions between Lorenzo Taylor and R. Silsbe, Jr.,
and asserting that it has a right and interest in the lot
of land described in the bill superior to that of complain-
ants. The answer alleges that on the 13th of February,
1908, R. Silsbe, Jr., being indebted to it in the sum of
$4,043.84 on an open account for lumber and other mate-
rials sold and delivered to Silsbe, Jr., a large part of
which it is informed and believes was used in the con-
struction of houses by said Silsbe, Jr., upon the premises
described in the bill, executed and delivered to this de-
fendant a deed in form, but a mortgage in fact (See Hull
v. Burr, 58 Fla., 432, 50 Southern Rep. 754) of the lot
described in the bill, with an abstract of title showing
a fee simple title in R. Silsbe, Jr., unencumbered except
as to certain taxes. This mortgage is made a part of the
answer, and is as follows:

"This indenture, made this 13th day of February, A. D.,
1908, between Richard Silsbe 'Jr., and Bertie Silsbe, his
wife, of the County of Duval and State of Florida, parties
of the first part, and the Cummer Lumber Company, a
corporation doing business in the County of Duval and
State of Florida, party of the second part.

Witnesseth: That the said parties of the first part, for

and in consideration of the sum of Ten Dollars to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold to the said party of the second part, and its assigns forever, all interest, title and estate in and to that certain parcel of land situate in the City of Jacksonville, in the county and State aforesaid, known as Lot Twelve (12) in Block Twelve (12) of Campbell's Addition to Jacksonville according to plat now of record in Volume 2, of Plats, folio 21, of the current public records of Duval County, aforesaid.

This conveyance is made and accepted as security for an open account between the said Richard Silsbe Jr. and the said Cummer Lumber Company.

In Witness Whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written.

Signed, sealed and delivered      Richard Silsbe Jr., (Seal)
   in presence of:      Bertie Silsbe.      (Seal)
F. O. Nichols,
B. F. McGraw."

The Cummer Lumber Company also filed a cross bill to foreclose this mortgage, making R. Silsbe, Jr., and his wife, and the complainants in the original bill parties defendant, and alleging, among other things, in detail that when the mortgage was taken from Silsbe, Jr., its officers were ignorant of any interest of Taylor in the lot in question.

Silsbe, Jr., and the complainants in the original bill answered the cross bill. Silsbe, Jr., admitted the execution of the mortgage to the Cummer Lumber Company, and asserts that he informed it of the interests of Lorenzo Taylor. The answers of the Taylors also assert that the Cummer Lumber Company took the mortgage from Silsbe, Jr., with knowledge of Lorenzo Taylor's interests

in the lot in question. We do not deem it necessary to insert these answers at length.

Replications were filed and testimony taken. The chancellor on the hearing entered a decree settling the equities of the parties, dismissing the original bill as to the Cummer Lumber Company, and granting it the relief prayed for in the cross bill for the foreclosure of its mortgage, and also referring the cause to a master to state an account of what was due the Cummer Lumber Company on said mortgage, using the evidence already taken and filed in the case. In the subsequent proceeding before the master several objections were made and exceptions taken by the Taylors, which will be referred to hereafter. On final hearing these objections and exceptions were overruled and a decree made ordering and decreeing that the defendants to the cross bill pay the Cummer Lumber Company the sum of $4,520.00 with interest from the 30th of September, 1909, and costs, within five days from the date of the decree, and in default thereof that the master sell the lot described in the mortgage and out of the proceeds pay the costs and expenses, the amount due the Cummer Lumber Company and to bring the balance, if there be any, into court to abide the order and decree of the court. These several decrees are brought here on appeal, for review.

The evidence shows that for several years before the date of the execution of the contract or deed between Silsbe, Jr., and Lorenzo Taylor, Silsbe had been in the business of trading in real estate, improving and selling the same in Jacksonville, and that during that time he had been buying lumber from the Cummer Lumber Company, and running an account with it; that on May 1st, 1907, he owed the company a balance of $2,762.94, and that between that time and the 25th of October, 1907, he obtained a large number of items of lumber amounting

with the above balance to $6,043.84. On this account Silsbe, Jr., made a payment of $1,000.00 on June 26th, 1907, and a payment of $1,000.00 on September 14th, 1907, leaving due on the 25th of October the sum of $4,043.84. It is shown that a considerable part of this lumber was used by Silsbe, Jr., in erecting houses on the lot in question. It seems that the Cummer Lumber Company insisted on the payment of this account or security for it, and on the 13th day of February, 1908, Silsbe, Jr., executed the instrument alleged to be a mortgage in the cross bill as security for the open account between Richard Silsbe, Jr., and the Cummer Lumber Company. It is alleged in the cross bill and proven by Mr. C. F. Flynn, the manager of the retail department of the Cummer Lumber Company who took this mortgage, that before it was taken, inquiry was made as to the title of. said lot and an abstract obtained showing the title to be in Silsbe, Jr., and that neither he nor the company had any knowledge or notice that Taylor had any interest in the lot. Silsbe, Jr., says he told Mr. Flynn that Taylor had a contract with reference to this lot, but he is uncertain whether he told him before or after the execution of the mortgage. Mr. Flynn is positive that it was sometime after the time when the mortgage was executed and delivered before he heard from Silsbe, Jr., of any contract of Taylor's. The contract or deed between Silsbe, Jr., and Taylor was not recorded until after the mortgage to the Cummer Lumber Company had been recorded.

It is contended by the appellants that inasmuch as the consideration for the mortgage was a past one, the Cummer Lumber Company is not a purchaser for a valuable consideration, and the case of Glinski v. Zawadski, 8 Fla., 405, is relied on in support of this contention. In that case the facts were somewhat different from those of the instant one. In that case no question growing

out of a partnership in which there was a dormant partner, and his liability for the acts of the active partner within the scope of his apparent authority, was involved. In the instant case the deed or contract between Silsbe, Jr., and Lorenzo Taylor provides for purchase, improvement and sale of a lot of land and for the sharing of the profits and losses of the venture between them. We think this contract is one of partnership. 7 Ann. Cas. 1140-1142.

The deed to the lot of land was taken in Richard Silsbe Jr.'s name and was recorded. It showed no interest whatever in Taylor or any one else besides Silsbe. Mr. Taylor was a silent or dormant partner and permitted this arrangement by which Silsbe was held out to the world as the owner of the legal title to the property. He was the active partner and so far as outsiders were concerned who were without notice of Taylor's interest, he had uncontrolled and unlimited power over this lot of land. If the Cummer Lumber Company had had timely notice of the partnership relation existing between Lorenzo Taylor and R. Silsbe, Jr., it might have protected itself by the liens provided by statute for furnishing material for buildings and structures. (See sections 2193 *et seq.* Gen. Stats. 1906) to the extent probably of the whole amount of the account due it by R. Silsbe, Jr. The legal title to the lot in question was in Silsbe, Jr., and it is not clearly shown the company had any notice of Taylor's interest. It was lulled into the acceptance of what appeared to be a good mortgage security.

In the case of Locke v. Lewis, 124 Mass., 1, it was held: "A sale by a partner, in payment of his own debt, of goods which are in fact goods of the partnership, but which the partnership has so entrusted to him as to enable him to deal with as his own, and to induce the

public to believe to be his, and which the creditor receives in good faith and without notice that they are the goods of the partnership, is valid against the partnership and its creditors." In this case the goods were given in payment of an antecedent debt and without any present consideration. The opinion in this case is by Chief Justice GRAY, and is a very long and able discussion of the law thoroughly vindicating the principle already quoted.

In the case of Willey v. Crocker-Woolworth Nat. Bank, 141 Cal., 508, 75 Pac. Rep. 106, it is said: "Where a dormant partner permits the business world to believe that the ostensible partner is the sole owner of the business, he is estopped from claiming the contrary against those who have in good faith acted upon such appearance, and cannot be heard to insist that a creditor has not the right to set off his debt against such ostensible partner." See page 517 of the opinion. To the same effect see White v. Farnham, 99 Me. 100, 58 Atl. Rep. 425, S. C. 105 Am. St. Rep. 261; Lord v. Baldwin, 6 Pick. (Mass.) 348, and cases cited.

There are assignments of error based on objections to the testimony taken by the Special Master and overruled by the chancellor. When the issues had been made up the case was referred to an examiner, Eugene Hale, to take the testimony. When it had been taken the case was heard by the Chancellor on the evidence thus taken, without objection, and the Chancellor made and entered a decree settling the equities in favor of the Cummer Lumber Company, and dismissing the bill as to the company. He also referred the case to a special master, R. P. Daniel, Jr., to state an account of what was due the said company, and directed him to use the evidence already taken and filed in the case. This evidence was offered to the Special Master, over the objection of the appellants, and used by him in stating the account. We

know of no authority which forbids such a use of the testimony and evidence already introduced, and none is cited to us. The amount found to be due by the Special Master was $4,000.00 with interest from the 13th of February, 1908, and the evidence clearly warrants this finding. We can discover no reversible error in the decree of the court sustaining the report of the Special Master, or in any other respect.

There are some other assignments, but we think they are practically covered by what has already been said.

The decrees appealed from are affirmed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.